22-08404MB

## AFFIDAVIT IN SUPPORT OF AN APPLICATION

I, Adam Renner, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the person known as Michael MUNGIA-Rodriguez, further described in Attachment A for the things described in Attachment B.

2. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

3. I am a Special Agent with the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been assigned to the office of the Deputy Special Agent in Charge (DSAC) Tucson, Arizona (AZ) since March 2010. As a Special Agent with HSI, I am responsible for investigating and enforcing violations of Federal law to include the enforcement of Federal narcotics laws, Immigration laws, the Money Laundering Control Act, and various Customs Violations.

4. I graduated from the Criminal Investigator Training Program and the HSI Special Agent Training Program, both of which are conducted at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. At this institution, I received specialized training to include, but not limited to, the following areas: narcotics investigations, immigration investigations, fraud investigations, cyber investigations, import/export investigations, child pornography investigations, financial investigations, firearms training, defensive tactics, surveillance and undercover operations. Prior to joining HSI, I was a Border Patrol Agent assigned to the Tucson Sector Special Operations Group since 1997. In 2007 I attended the Immigration and Customs Enforcement Immigration Academy also held at the Federal Law Enforcement Training Center in Glynco, Georgia.

5.  During my tenure with HSI, I have participated in and led investigations involving the unlawful importation and distribution of controlled substances. I have conducted physical surveillance, reviewed recorded conversations and records of drug traffickers. My responsibilities include conducting investigations into drug smuggling organizations and individuals who derive substantial income from the illegal importation, manufacture, distribution and sale of controlled substances. As a Special Agent, I am responsible for investigating and enforcing violations of federal law to include the enforcement of federal drug laws, the Money Laundering Control Act, and various Customs and Immigration violations.

6.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.  For the reasons detailed below, I believe that there is probable cause to believe that the person of Michael MUNGIA-Rodriguez contains evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841 and 846; possession with the intent to distribute controlled substances and conspiracy to possess with the intent to distribute controlled substances.

## PROBABLE CAUSE

8.  At approximately 1900 hours on January 3, 2022, MUNGIA presented himself for inspection at the Nogales, DeConini Port of Entry Pedestrian gate. MUNGIA was referred to secondary inspection based on my alert. A pedestrian certified K-9 handler was requested to run a search of MUNGIA. MUNGIA was asked if he had anything hidden on his person, which he denied. MUNGIA stated that he had intestinal parasites/worms and had gone to Nogales, Sonora, Mexico to pick up some pills to treat the parasites/worms and was returning home to Tucson, Arizona. The K-9, which is trained in the detection of controlled substances, alerted to MUNGIA's groin area. At approximately 1920 hours, Supervisory CBP Officer Branden Stoliker approved pat down and partial body search of MUNGIA's rectal area. CBPOs Jeffery Le and Francis

Sanoguet conducted the partial body search in which CBPO Le and Sanoguet noticed a "white string protruding from his rectum" after MUNGIA attempted to cover his rectal area in order to prevent the CBP officers from inspecting his rectum. Based on my training and experience, I know that drug trafficking organizations (DTOs) frequently rely on the use of body carriers to import controlled substances into the United States. During the recent health pandemic, DTOs have relied heavily on the use of body carriers due to the reduction in cross-border vehicle traffic.

9. At approximately 2200 hours, MUNGIA was transported to Holy Cross hospital in Nogales, Arizona. Once admitted, the attending ER physician independently ordered x-rays which revealed a large balloon like object that contained several small, pill shaped objects concealed in his anal cavity. MUNGIA refused all further medical intervention which would allow MUNGIA to pass the package. MUNGIA was advised by Holy Cross medical doctors and nurses as well as SCBPO Stoliker that if the package contains narcotics and it bursts, he could die. MUNGIA continues to refuse to have a bowel movement.

10. Based on the foregoing, I respectfully submit there is probable cause to believe that MUNGIA is engaged in drug trafficking as a body carrier and that evidence of this criminal activity is likely to be found in his person.

## CONCLUSION

11. I submit that this affidavit supports probable cause for a warrant to search the person described in Attachment A and seize the items described in the Attachment B.

12. I respectfully request that the search warrant permit law enforcement agents to execute the search by authorizing medical personnel to administer potentially lifesaving medical interventions allowing MUNGIA to have bowel movement to remove the suspected contraband from his anal cavity due to the inherent risk involved in keeping a controlled substance within an internal body cavity for an extended period of time.

## REQUEST FOR SEALING

13. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the Internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

ADAM S RENNER
Digitally signed by ADAM S RENNER
Date: 2022.01.04 12:48:19 -07'00'

Adam Renner, Special Agent
Homeland Security Investigations

Electronically submitted, subscribed, and telephonically sworn to me on this ___4th___ day of January, 2022.

D. THOMAS FERRARO
United States Magistrate Judge
District of Arizona